14-1428
*Pirro v. National Grid*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          CHESTER J. STRAUB,
          RICHARD C. WESLEY,
                    *Circuit Judges*.

---

STEVEN PIRRO, et anos., individually and on behalf of all others similarly situated, "John Doe" (1–100), and "Jane Doe" (1–100) and all others similarly situated, and as Class Representatives,

　　　　　　　　　　*Plaintiffs-Appellants*,

　　-v.-                                        No. 14-1428

NATIONAL GRID, NIAGARA MOHAWK PENSION PLAN, NIAGARA MOHAWK, NATIONAL GRID USA SERVICE COMPANY, INC., and its predecessors, in their capacity as plan sponsor, plan administrator, and plan named fiduciary for the Niagara Mohawk Pension Plan, NATIONAL GRID

BENEFITS COMMITTEE, in its fiduciary capacity for the Niagara Mohawk Pension Plan,

Defendants-Appellees.*

---

FOR APPELLANTS: DAVID G. GABOR, The Wagner Law Group, PC, Boston, MA

FOR APPELLEES: MARK CASCIARI, Seyfarth Shaw LLP, Chicago, IL (Gina R. Merrill, Seyfarth Shaw LLP, New York, NY, *on the brief*)

---

Appeal from the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED**.

Plaintiffs-Appellants appeal from a decision and order dismissing their

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim. *See Pirro v. Nat'l Grid*, No. 5:12–CV–1364 (GTS/TWD),

2014 WL 1303414 (N.D.N.Y. Mar. 31, 2014).[1] We assume the parties' familiarity

with the underlying facts, procedural history, and issues on appeal.

---

\* The Clerk of the Court is directed to amend the caption of this case as set forth above.
[1] The standard of review is not in dispute. We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the complaint's factual allegations as true

In 1998, Defendant Niagara Mohawk converted its employee pension plan from a final pay plan to a cash balance plan. Fourteen years later, in September 2012, Plaintiffs initiated this action by filing a complaint alleging that they were not provided adequate notice of the conversion and that the documents they received regarding the conversion misrepresented the new plan and caused them to remain employed by Niagara Mohawk rather than seek alternate employment.

First, Plaintiffs allege that Defendants breached their fiduciary duties under ERISA because the materials they provided to plan participants regarding the conversion included mischaracterizations implying that the cash balance plan was guaranteed to perform as well as or better than the plan it replaced. Plaintiffs' breach-of-fiduciary-duty claims are governed by the six-year limitations period set forth in ERISA § 413, which provides that an action "with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part" must be brought within six years of the breach. 29 U.S.C. § 1113. Because they did not file their complaint until more than fourteen years after the alleged breaches, Plaintiffs attempt to

and drawing all reasonable inferences in the plaintiff's favor. *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

invoke § 413's exception for cases of "fraud or concealment" to argue that their claims are timely despite the delay. Because documents distributed to plan participants regarding the conversion acknowledged that the rate at which benefits were earned under the cash balance plan could be smaller than under the prior plan, Plaintiffs fail to plausibly allege[2] that Defendants defrauded them or concealed the alleged breaches and therefore cannot rely on this exception to extend the limitations period. Accordingly, Plaintiffs' breach-of-fiduciary-duty claims are barred by § 413(1)'s six-year limitations period.

Plaintiffs also assert that Defendants failed to properly notify them in advance of the plan conversion as required by ERISA § 204(h), 29 U.S.C. § 1054(h). Whether the statute of limitations applicable to Plaintiffs' § 204(h) notice claims is the six-year limitations period set forth in ERISA § 413 or the six-year limitations period for breach of contract claims, "the most nearly analogous state limitations statute," Plaintiffs' claims are time-barred. *See Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Emp. Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983). At the latest, the statute of limitations on Plaintiffs' claims began to run when the Summary Plan Description ("SPD") was distributed to

_____

[2] Plaintiffs have forfeited any argument on appeal that they should be entitled to file an amended complaint to cure this pleading deficiency.

plan participants in 2000. To the extent that Plaintiffs had not, at that point, received sufficient notice of the conversion to a cash balance plan and its effects, the SPD "unequivocally repudiated" that understanding. *Carey v. Int'l Bhd. Of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999). Therefore, Plaintiffs' § 204(h) claims were properly dismissed as time-barred.

Finally, Plaintiffs allege common-law breach of contract and fraud. Like their ERISA claims, Plaintiffs' breach of contract and fraud claims allege that Defendants failed to adequately notify them of the plan conversion, mischaracterized the new plan, and did so intentionally in order to prevent them from seeking alternate employment. Plaintiffs' common-law claims are preempted by ERISA § 514, which provides that "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Because Plaintiffs' breach of contract and fraud claims relate to Defendants' administration of an employee benefit plan, they are preempted by § 514.

We have considered all of Plaintiffs' arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk